Appeal from a decision of the State Industrial Board (now Workmen’s Compensation Board), filed March 3, 1944, which affirmed a decision of a referee filed September 9, 1943, disallowing a claim of appellant as widow of Ralph E. Edwards, deceased.
Memorandum by the Court.
Appeal from a decision of the Workmen’s Compensation Board which affirmed a decision of the referee disallowing claimant-appellant’s claim for compensation arising out of the death of Ralph E. Edwards, upon the ground that the claimant was not the widow of the deceased.
Claimant and deceased were married July 15, 1934, in New York City. They had no children. They lived together until 1938. Deceased was’ employed during most of that time, and thereafter at irregular intervals. Claimant left deceased in 1938. The reason given by her is that she did not like to have unpaid bills and decided to go and support herself and pay her own bills. She moved to Florida and took up a residence there. She secured a final decree of divorce in Florida on February 27, 1939. Deceased was not served with process *844 in the divorce action and did not appear in the action. Some time after securing her divorce the claimant returned to New York and stayed at the Henry Hudson Hotel for a time. While she was staying there the decedent sought to resume marital relations with her. Claimant says that, upon his statement that her decree was worthless and relying upon such statement, she had sexual relations a few times with the decedent at hotels where he registered. The decedent made application for employment to the employer-respondent. In such application he described himself as a single man. On October 4, 1941, the decedent sustained fatal injuries while employed by respondent. Two days later the claimant signed the death certificate in which she stated that the decedent was divorced. On January 24, 1942, the claimant executed her claim for compensation. She executed it in Florida and gave her address as St. Petersburg, Florida. The referee decided that the claimant was not the widow of the deceased and made an award to the Special Fund. The full board affirmed the decision. Claimant now asserts that Florida divorce is invalid and that she is not estopped from questioning it in the proceeding at bar.
Respondents contend that the Florida decree should be given full faith and credit and that the claimant is estopped from asserting the. invalidity of a decree granted upon her application, and that subsequent cohabitation did not destroy the validity of the Florida decree.
The question of claimant’s domicile in Florida was a question of fact. There was a presumption of the validity of the Florida decree. Claimant is charged with the burden of establishing its invalidity upon the ground that no domicile was established in Florida. (Williams v. North Carolina, 317 U. S. 287; Williams V. North Carolina, 325 U. S. 226.)
The board decided that the Florida decree was valid. There is evidence to justify that determination.
Decision affirmed, with costs to the Workmen’s Compensation Board.